**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

CANDIDA PILGRIM,

      Plaintiff,

v.

OTIS TRANSPORTATION, LLC;
JOSHUA O. NDUKO;
PEOPLES INSURANCE COMPANY;
SPIRIT COMMERCIAL AUTO RR
GROUP, INC. and
TRANSPORTATION AUTHORITY,
LLC,

      Defendants.

Civil Action File No. 3:16-cv-016-TCB

## JOINT ANSWER AND DEFENSES OF DEFENDANT OTIS TRANSPORATION, LLC AND JOSHUA O. NDUKO

COMES NOW Otis Transportation, LLC and Joshua O. Nduko (collectively these "Defendants"), named Defendants in the above-styled action, and files the following Joint Answer and Defenses to Plaintiff's Complaint for Damages ("Complaint") and shows the Court as follows:

## FIRST DEFENSE

Some or all of Plaintiff's Complaint fails to state a claim upon which relief can be granted against these Defendants.

## SECOND DEFENSE

These Defendants did not breach a duty of care to Plaintiff.

## THIRD DEFENSE

No alleged breach of any duty by these Defendants was the proximate cause of Plaintiff's alleged damages.

## FOURTH DEFENSE

These Defendants raise defenses based on Plaintiff's own contributory and/or comparative negligence.

## FIFTH DEFENSE

Plaintiff's claims are barred because of her own negligence.

## SIXTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any alleged act or alleged failure to act by these Defendants.

## SEVENTH DEFENSE

For a Seventh Defense, these Defendants respond to Plaintiff's Complaint as follows:

### 1.

These Defendants admit that Plaintiff has filed a lawsuit as described in Paragraph No. 1 of the Complaint.

## I. PARTIES, JURISDICTION AND VENUE

### 2.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 2 of the Complaint, and therefore, can neither admit nor deny the same.

### 3.

In response to Paragraph No. 3 of the Complaint, these Defendants deny the allegation concerning Defendant Nduko's apartment number as well as jurisdiction and venue. These Defendants admit the remaining allegations.

### 4.

In response to Paragraph No. 4 of the Complaint, these Defendants admit that Defendant Otis Transportation, LLC ("Otis") is a Texas based limited liability company with a principal place of business at 1915 Peters Road, Suite 302, Irving, TX 75061.  These Defendants further admit that Otis' registered agent is Charles Kwamanga who, at the time this suit was filed, may have been served at 137 Cimmarron Trial #2201, Irving, Texas.  These Defendants admit that the Sherriff of Dallas County, Texas may serve Mr. Kwamanga.  These Defendants deny the remaining allegations contained in Paragraph No. 4 of the Complaint.

**5.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 5 of the Complaint, and therefore, can neither admit nor deny the same.

**6.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 6 of the Complaint, and therefore, can neither admit nor deny the same.

**7.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 7 of the Complaint, and therefore, can neither admit nor deny the same.

**8.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 8 of the Complaint, and therefore, can neither admit nor deny the same.

**9.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 9 of the Complaint, and therefore, can neither admit nor deny the same.

**10.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 10 of the Complaint, and therefore, can neither admit nor deny the same.

**11.**

These Defendants admit that venue is proper pursuant to O.C.G.A. § 9-10-93 only.  These Defendants deny the remaining allegations contained in Paragraph No. 11.

## II. Facts

**12.**

These Defendants incorporate by reference their responses to Paragraph Nos. 1 through 11 of the Complaint as if fully stated herein.

**13.**

Based on information and belief, these Defendants admit Paragraph No. 13 of the Complaint.

**14.**

Based on information and belief, these Defendants admit Paragraph No. 14 of the Complaint.

**15.**

As pled, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 15 of the Complaint, and therefore, can neither admit nor deny the same.

**16.**

These Defendants deny the allegations contained in Paragraph No. 16 of the Complaint.

**17.**

These Defendants deny the allegations contained in Paragraph No. 17 of the Complaint, as pled.

**18.**

These Defendants deny the allegations contained in Paragraph No. 18 of the Complaint.

**19.**

These Defendants deny the allegations contained in Paragraph No. 19 of the Complaint, as pled. These Defendants admit that Defendant Nduko was driving on behalf of Defendant Otis as an independent contractor and not an employee.

**20.**

These Defendants deny the allegations contained in Paragraph No. 20 of the Complaint.

**21.**

In response to Paragraph No. 21 of the Complaint, these Defendants admit that Defendant Nduko acted as an independent contractor working on behalf of Defendant Otis at the time of the collision. These Defendants deny the remaining allegations contained in Paragraph No. 21 of the Complaint.

**22.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 22 of the Complaint, and therefore, can neither admit nor deny the same.

### III. CAUSE OF ACTION

### COUNT I – NEGLIGENCE/NEGLIGENCE PER SE

**23.**

These Defendants incorporate by reference their responses to Paragraph Nos. 1 through 22 of the Complaint as if fully stated herein.

**24.**

In response to Paragraph No. 24 of the Complaint, these Defendants admit that the statutes identified in subsections a through c were in force at the time of the subject collision.  However, these Defendants deny that Paragraph No. 24 fully states the text of these statutes therein.  These Defendants deny the remaining allegations contained in Paragraph No. 24 of the Complaint.

**25.**

These Defendants deny Paragraph No. 25 of the Complaint as pled.

**26.**

These Defendants admit that while operating for a federal motor carrier Defendant Joshua O. Nduko ("Nduko") is required to comply with federal regulations.  These Defendants deny any other allegations expressed or implied in Paragraph No. 26 of the Complaint.

**27.**

These Defendants deny the allegations contained in Paragraph No. 27 of the Complaint.

**28.**

These Defendants deny the allegations contained in Paragraph No. 28 of the Complaint, as pled.

**29.**

In response to Paragraph No. 29 of the Complaint, these Defendants deny that Nduko was negligent or otherwise caused harm to Plaintiff. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 29 of the Complaint, and therefore, can neither admit nor deny the same.

**30.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 30 of the Complaint, and therefore, can neither admit nor deny the same.

## COUNT II – NEGLIGENT ENTRUSTMENT

**31.**

These Defendants incorporate by reference their responses to Paragraph Nos. 1 through 30 of the Complaint as if fully stated herein.

**32.**

These Defendants deny the allegations contained in Paragraph No. 32 of the Complaint.

**33.**

These Defendants deny the allegations contained in Paragraph No. 33 of the Complaint.

**34.**

In response to Paragraph No. 34 of the Complaint, these Defendants deny that they were negligent or otherwise caused harm to Plaintiff.  These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 34 of the Complaint, and therefore, can neither admit nor deny the same.

**35.**

In response to Paragraph No. 35 of the Complaint, these Defendants deny any allegation that they are liable or caused harm to Plaintiff.  These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 35 of the Complaint, and therefore, can neither admit nor deny the same.

## COUNT III – NEGLIGENCE SUPERVISION, TRAINING AND RETENTION

**36.**

These Defendants incorporate by reference their responses to Paragraph Nos. 1 through 35 of the Complaint as if fully stated herein.

**37.**

These Defendants deny the allegations contained in Paragraph No. 37 of the Complaint.

**38.**

These Defendants deny the allegations contained in Paragraph No. 38 of the Complaint.

**39.**

These Defendants deny the allegations contained in Paragraph No. 39 of the Complaint.

**40.**

In response to Paragraph No. 40 of the Complaint, these Defendants deny any allegation that they are liable or caused harm to Plaintiff.  These Defendants are without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations contained in Paragraph No. 40 of the Complaint, and therefore, can neither admit nor deny the same.

## 41.

In response to Paragraph No. 41 of the Complaint, these Defendants deny any allegation that they are liable or caused harm to Plaintiff.  These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 41 of the Complaint, and therefore, can neither admit nor deny the same.

## COUNT IV. – VIOLATION OF O.C.G.A. § 13-6-11

## 42.

These Defendants incorporate by reference their responses to Paragraph Nos. 1 through 41 of the Complaint as if fully stated herein.

## 43.

In response to Paragraph No. 43 of the Complaint, these Defendants admit Nduko has some knowledge regarding the circumstances of the subject collision. However, to the extent that it is implied, these Defendants deny that Nduko is completely knowledgeable about all facts relevant to this collision.

**44.**

These Defendants object to the allegations contained in Paragraph No. 44 of the Complaint as it improperly seeks to elicit information on Defendants' trial preparation activities.  The disclosure of such information is forbidden under Georgia law.  *See* O.C.G.A. § 9-11-26(b)(3).  To the extent these Defendants are required to respond, Defendants admit that in preparation for this litigation their agents investigated the subject collision.

**45.**

In response to Paragraph No. 45 of the Complaint, these Defendants admit one or more of its employees and agents have some knowledge regarding the circumstances of the subject collision.  However, to the extent that it is implied, these Defendants deny that these employees and agents are completely knowledgeable about all facts relevant to this collision.

**46.**

These Defendants object to the allegations contained in Paragraph No. 46 of the Complaint as it improperly seeks to elicit information on Defendants' trial preparation activities.  The disclosure of such information is forbidden under Georgia law.  *See* O.C.G.A. § 9-11-26(b)(3).  To the extent these Defendants are

required to respond, Defendants admit that in preparation for this litigation their agents investigated the subject collision.

**47.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 47 of the Complaint, and therefore, can neither admit nor deny the same.

**48.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 48 of the Complaint, and therefore, can neither admit nor deny the same.

**49.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 48a of the Complaint, and therefore, can neither admit nor deny the same.

**50.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 48b of the Complaint, and therefore, can neither admit nor deny the same.

**51.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 48c of the Complaint, and therefore, can neither admit nor deny the same.

**52.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 48d of the Complaint, and therefore, can neither admit nor deny the same.

**53.**

In response to Paragraph No. 49 of the Complaint, these Defendants admit that they deny Nduko's liability.

**54.**

In response to Paragraph No. 49a of the Complaint, these Defendants admit that they deny Otis' liability.

**55.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 49b of the Complaint, and therefore, can neither admit nor deny the same.

**56.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 49c of the Complaint, and therefore, can neither admit nor deny the same.

**57.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 49d of the Complaint, and therefore, can neither admit nor deny the same.

**58.**

These Defendants deny the allegations in Paragraph No. 50 of the Complaint.

**59.**

These Defendants deny the allegations in Paragraph No. 51 of the Complaint.

**60.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 52 of the Complaint, and therefore, can neither admit nor deny the same.

**61.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 53 of the Complaint, and therefore, can neither admit nor deny the same.

**62.**

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 54 of the Complaint, and therefore, can neither admit nor deny the same.

**63.**

These Defendants deny the allegations contained in Paragraph No. 55, as pled.

**64.**

These Defendants deny the allegations contained in Paragraph No. 56.

**65.**

These Defendants admit the allegations contained in Paragraph No. 57.

**66.**

These Defendants deny the allegations contained in Paragraph No. 58.

**67.**

These Defendants deny the allegations contained in Paragraph No. 59.

## COUNT III – DIRECT ACTION AGAINST DEFENDANTS PEOPLES, SPIRIT AND TRANSPORTATION

**68.**

These Defendants incorporate by reference all the above responses to the Complaint as if fully stated herein.

**69.**

In response to Paragraph No. 61 of the Complaint, these Defendants admit that Otis purchased certain insurance coverage from Defendant Spirit Commercial Auto RR Group, Inc. ("Spirit").  Further, these Defendants admit that this policy provides coverages for certain losses incurred by these Defendants pursuant to various terms and conditions.  These Defendants deny the remaining allegations in Paragraph No. 61 of the Complaint.

**70.**

In response to Paragraph No. 62 of the Complaint, these Defendants admit that Otis paid premiums for the above-referenced insurance policy with Spirit. These Defendants deny the remaining allegations in Paragraph No. 62 of the Complaint.

**71.**

These Defendants deny the allegations contained in Paragraph No. 63 of the Complaint, as pled.

**72.**

These Defendants deny the allegations contained in Paragraph No. 64 of the Complaint, as pled.

**73.**

In response to Paragraph No. 65 of the Complaint, these Defendants deny any allegation that they are negligent, liable or caused harm to Plaintiff.  These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 65 of the Complaint, and therefore, can neither admit nor deny the same.

**74.**

In response to Paragraph No. 66 of the Complaint, these Defendants deny any allegation that they are negligent, liable or caused harm to Plaintiff.  These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 66 of the Complaint, and therefore, can neither admit nor deny the same.

## COUNT IV – VICARIOUS LIABILITY OF DEFENDANT OTIS

**75.**

These Defendants incorporate by reference all the above responses to the Complaint as if fully stated herein.

**76.**

These Defendants admit the allegations contained in Paragraph No. 68 of the Complaint.

**77.**

These Defendants admit the allegations contained in Paragraph No. 69 of the Complaint.

**78.**

These Defendants admit the allegations contained in Paragraph No. 70 of the Complaint.

**79.**

In response to Paragraph No. 71 of the Complaint, these Defendants admit that Defendant Otis received compensation for Defendant Nduko's delivery services on the date of the subject accident. Further, these Defendants admit that those delivery services including the operation of a tractor-trailer on Georgia roads. These Defendants deny any remaining allegations contained in Paragraph No. 71.

20

**80.**

In response to Paragraph No. 72 of the Complaint, these Defendants deny that Nduko was Otis' employee. Therefore, these Defendants deny the allegations contained in Paragraph No. 72 of the Complaint, as pled.

**81.**

These Defendants deny the allegations contained in Paragraph No. 73 of the Complaint.

## COUNT V – FEDERAL LAW VIOLATIONS BY ALL DEFENDANTS

**82.**

These Defendants incorporate by reference all the above responses to the Complaint as if fully stated herein.

**83.**

In response to Paragraph No. 75 of the Complaint, these Defendants admit that they were engaged in interstate commerce subject to the FMCSR.  These Defendants deny the remaining allegations contained in Paragraph No. 75 of the Complaint.

**84.**

In response to Paragraph No. 76 of the Complaint, these Defendants deny any allegation that they are negligent, liable or caused harm to Plaintiff.  These

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 76 of the Complaint, and therefore, can neither admit nor deny the same.

**85.**

In response to Paragraph No. 77 of the Complaint, these Defendants deny any allegation that they are negligent, liable or caused harm to Plaintiff.  These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 77 of the Complaint, and therefore, can neither admit nor deny the same.

**86.**

These Defendants deny the allegations contained in the unnumbered final paragraph of Plaintiffs' Amended Complaint For Damages including its subparts a through f.

**87.**

Any allegation of the Complaint not admitted, denied or otherwise responded to above is hereby denied.

WHEREFORE, having fully answered, these Defendants pray that the Complaint be dismissed with costs of this action cast against the Plaintiff.

This 19th day of February, 2016

Respectfully submitted,
**CARLOCK, COPELAND & STAIR, LLP**

*/s/ Marc A. Hood*

By: _____

Richard C. Foster, Esq.
Georgia State Bar No.: 271057
Marc. A Hood, Esq.
Georgia State Bar No.: 490821
**Carlock, Copeland & Stair LLP**
191 Peachtree Street, Suite 3600
Atlanta, Georgia 30303
(404) 522-8220 Phone / (404) 523-2345 Fax
*rfoster@carlockcopeland.com*
*mhood@carlockcopeland.com*
*Attorneys for Defendants Otis Transportation, LLC, Joshua O. Nduko and Spirit Commercial Auto RR Group, Inc.*

23

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

CANDIDA PILGRIM,

       Plaintiff,

v.

                      Civil Action File No. 3:16-cv-016-TCB

OTIS TRANSPORTATION, LLC;
JOSHUA O. NDUKO;
PEOPLES INSURANCE COMPANY;
SPIRIT COMMERCIAL AUTO RR
GROUP, INC. and
TRANSPORTATION AUTHORITY,
LLC,

       Defendants.

## CERTIFICATE OF SERVICE

I certify that I have electronically filed this ***Answer and Defenses of Otis Transportation, LLC and Joshua O. Nduko*** with the Clerk of Court using the CM/ECF (Pacer) system which will automatically send email notification of such filing to the following attorneys of record:

Derek J. White, Esq.
THE WHITE LAW GROUP
PO Box 787
Pooler, GA 31322

*(Counsel continued on following page)*

James W. Segura, Esq.
VARNER & SEGURA
304 Pettigru Street
Greensville, South Carolina 29601

Transportation Authority, LLC
c/o Robert F. Lorgeree
1349 Galleria Drive
Suite 200
Henderson, NV 89014

Christine L. Mast, Esq.
Hawkins, Parnell, Thackston & Young, LLP
303 Peachtree Street NE
Suite 4000
Atlanta, Georgia 30308

This 19th day of February, 2016.

/s/ Marc A. Hood
_____
Marc A. Hood, Esq.
Carlock, Copeland & Stair, LLP